

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOANNA PARK-KIM, individually and on behalf of all others similarly situated and MARIA CECILIA RAMOS, individually and on behalf of all others similarly situated, | No. 17-55566 |
| | D.C. No. 2:15-cv-09523-CAS-KK |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| DAIKIN APPLIED AMERICAS, INC., FKA McQuay International and DOES, 1-50, inclusive, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 4, 2018
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and KENNELLY,** District Judge.

Joanna Park-Kim and Maria Cecilia Ramos, individually and on behalf of all others similarly situated, appeal the district court's dismissal of their claims for breach of express warranty, breach of the implied warranty of merchantability, violations of the California Right to Repair Act (RORA), negligence and strict liability for failure to warn, a violation of the Consumer Legal Remedies Act (CLRA), and violations of the California Unfair Competition Law (UCL). Because plaintiffs have not adequately alleged any of their claims, *see* Fed. R. Civ. P. 12(b)(6), 9(b), we affirm the district court.

Plaintiffs' claim for breach of express warranty is time barred by the four-year statute of limitations under Cal. Com. Code § 2725(1), because the 18-month warranty period ended in mid-2010 at the latest, and plaintiffs did not bring a claim within the four-year statute of limitations period. *See* Cal. Com. Code § 2725(1). Contrary to plaintiffs' argument, plaintiffs may not bring a claim for breach of express warranty based on latent defects discovered after the warranty period has expired, *see Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 830 (2006), and the late discovery of latent defects does not extend the statute of

---

** The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

limitations. To the extent that plaintiffs argue that the replacement coils proved defective within the statute of limitations, that argument fails, because plaintiffs did not allege any actual defect in the replacement coils.

Plaintiffs cannot state a claim for breach of the implied warranty of merchantability because the express warranty in Form 85Y, which plaintiffs argue applies, conspicuously disclaimed the implied warranty of merchantability. *See* Cal. Com. Code § 2316(2). Moreover, plaintiffs' implied warranty claim is also barred by the four-year statute of limitations. *See* Cal. Com. Code § 2725(2).

Plaintiffs cannot state a claim under sections 896(g)(4) and 896(g)(5) of RORA because those sections apply only to the installation and provision of heating and air conditioning, not to the manufacture of HVAC units. *See* Cal. Civ. Code § 896(g)(4)–(5); *see also Greystone Homes, Inc. v. Midtec, Inc.*, 168 Cal. App. 4th 1194, 1220 (2008) (construing RORA according to its plain meaning). Plaintiffs also cannot state a claim under section 897 of RORA because the coils are a "manufactured product" installed in their homes, and "a homeowner alleging that a manufactured product . . . installed in her home is defective may bring a claim under [RORA] only if the allegedly defective product caused a violation of one of the standards set forth in section 896." *Kohler Co. v. Superior Court of L.A. Cty.*, — Cal. Rptr. 3d —, No. B288935, 2018 WL 5961741, at *4 (Ct. App. Nov.

14, 2018).  Plaintiffs have not alleged a violation of any such standard.  Moreover, plaintiffs have not alleged that any defect in the HVAC coils caused damage, as required to state a claim under section 897.  *See id.*

Plaintiffs cannot state a claim for negligence or for strict liability because the economic loss rule bars recovery in tort for damages that are solely monetary, *see Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 873 (9th Cir. 2007), and plaintiffs allege only economic injuries, not property damage or physical injury.

Plaintiffs cannot state a claim under the CLRA because they did not adequately plead reliance on the defendant's representations, which is required to state a claim under the CLRA.  *See* Cal. Civ. Code §§ 1770, 1780; *Daugherty*, 144 Cal. App. 4th at 834–35.  Similarly, plaintiffs cannot state a claim under the fraud prong of the California UCL because they did not adequately allege reliance on a misrepresentation or an injury resulting from that reliance.  *See* Cal. Bus. & Prof. Code § 17200; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 325–27 (2011). Plaintiffs cannot state a claim under the unlawful prong of the California UCL because that claim is derivative of the plaintiffs' other claims, and plaintiffs have failed to adequately plead a violation of any other law.  *See* Cal. Bus. & Prof. Code § 17200; *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).

To the extent that plaintiffs argue that the district court erred in failing to convert the motion to dismiss to a motion for summary judgment, any error was harmless because the district court assumed that the plaintiffs' preferred warranty, Form 85Y, applied.  Moreover, the district court did not err by failing to grant leave to amend because plaintiffs' complaint could not have been saved by the allegation of additional facts.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Because plaintiffs have not adequately pleaded any of their claims, we affirm the district court.

**AFFIRMED.**